IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH HAYES,     *
         Plaintiff,
    v.     *     CIVIL ACTION NO. AW-13-cv-565

CORIZON, INC., et al.,     *
         Defendants.
         ***

## MEMORANDUM OPINION

Pending is Corizon, Inc. and Melaku Ayalew's (the "Medical Defendants")[1] Motion to Dismiss, or in the Alternative Motion for Summary Judgment. ECF No. 20. Also pending is Betty Johnson's (the "Correctional Defendant") Motion to Dismiss, or in the Alternative Motion for Summary Judgment. ECF No. 16. Plaintiff has not responded.[2]

Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the dispositive motions filed by these Defendants will be granted.

### Background

Plaintiff states that during June of 2009, while housed at the Maryland Correctional Institution-Jessup ("MCI-J'), he fell injuring his neck. Plaintiff states that he was "virtually ignored" by medical providers. ECF No. 1. He indicates that in 2012 he was diagnosed by Dr. Labib Syed as suffering from cervical disc degeneration. Plaintiff states this condition was the

---

[1] Defendant Bolaji Onabajo has not been served with the Complaint. For the reasons that follow, even if Onabajo had been served the complaint against him would be subject to dismissal.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on July 12, 2013 and October 7, 2013, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF Nos. 17 & 21. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

1

"direct result of the neglect Plaintiff received after the original fall." He indicates that on February 4, 2012, he underwent neck surgery. ECF Nos. 1 & 4. He claims that the suffering he endured from 2009 through 2013 constituted cruel and unusual punishment. ECF No. 4.

**Standard of Review**

A.   Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 563. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.   Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a

3

sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## Discussion

A.  Respondeat Superior

Plaintiff's complaint against Corizon, Inc. and Warden Betty Johnson is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Corizon, Inc. or Warden Johnson that resulted in a constitutional injury,

and accordingly, his claims against Corizon, Inc. and Warden Johnson shall be dismissed.

B. Medical Care

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a Plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'"

*Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) quoting *Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

Plaintiff's allegation that he was not provided constitutionally adequate medical treatment for his injury is belied by the undisputed record. Plaintiff was examined by Defendant Ayalew on June 29, 2009, when Plaintiff walked into the medical facility complaining that he "hurt [his] back while lifting weights last week." ECF No. 16, Ex. 5, p. 134. Plaintiff was examined, provided muscle rub cream and Motrin, and advised to follow up if the pain persisted. Plaintiff was next examined the following day by a physician's assistant and again reported his injury arose from an "athletic injury" and the pain was mild when he moved. He was examined, counseled, and provided medication. He was again directed to follow up if the pain persisted. *Id*., p. 131-33.

Thereafter, Plaintiff filed numerous sick call slips concerning issues unrelated to back or neck pain. *Id*., pp. 158-199 (complaints of toothache, knee pain, blood pressure medication issues, dermatological issues, blood work up, denture adhesive, medication refills, pain in hands and legs, and blood work). On each occasion Plaintiff was examined and treated in response to each of the specific complaint alleged. *Id.*

On February 5, 2012, Plaintiff complained of lower back pain and requested pain medication. He was examined on February 7, 2012, an advised that the pain had begun one

month prior to the examination. At a follow-up visit on February 23, 2012, x-rays were ordered. The findings were within normal limits with the x-rays revealing no acute trauma or disease. *Id*., p. 185, 83-84.

Plaintiff complained during a doctor's visit that he fell while working in the kitchen on February 29, 2012. A follow up visit was conducted on March 8, 2012. On March 14, 2012, Plaintiff was admitted to the infirmary due to increased complaints of pain. He was provided pain medication and he requested to be transferred to a hospital for pain control. *Id*., p. 72, 75, 79.

Plaintiff was examined by Dr. Ayalew on March 15, 2012. He noted that despite Plaintiff's complaints of pain he was observed ambulating without difficulty. The pain-medication regiment was continued and Plaintiff was counseled regarding pain medication and follow up if there was a change in his condition. Thereafter, Plaintiff's condition was monitored and he was examined by medical staff on several occasions. Plaintiff reported weakness in his extremities when standing; however, his objective presentation was of minor neurological deficits. *Id*., p. 67-8, 151-2. An MRI of the neck and back was ultimately ordered and Plaintiff continued to be monitored pending further consultations to determine the cause of his weakness and numbness. *Id*., p. 57-66. On February 4, 2013, Plaintiff underwent surgery on his back and neck, including a cervical fusion for cervical stenosis due to disc herniation. *Id*., p. 23.

Plaintiff has been provided extensive medical care for his complaints, and was evaluated in a timely manner by medical providers and provided medication to relieve his pain. He was treated in a conservative manner and ultimately sent for an MRI and outside medical consultations which resulted in his undergoing surgery to correct his spinal degeneration. Unfortunately, Plaintiff's medication did not provide total relief while diagnostic tests were being ordered and surgery scheduled. There is no evidence that any further treatment was deemed

7

necessary as to any of Plaintiff's complaints.  Mere disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. *See Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact-finder could reasonably find in his favor.  Plaintiff has failed to submit any evidence to support his claim, or to put the material fact of this case in dispute. *See generally Gray v. Spillman*, 925 F.2d 90 (4th Cir. 1991).  Although the non-moving party may rely upon a verified complaint when allegations therein are based on personal knowledge, *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991), Plaintiff's Complaint is not verified.

## Conclusion

In light of the foregoing Plaintiff's Complaint against Defendants Corizon, Inc., Betty Johnson and Bolanji Onabajo shall be dismissed.  Melaku Ayalew is entitled to summary judgment.  A separate Order follows.


Date:  November 19, 2013                              /s/
                                                     Alexander Williams, Jr.
                                                     United States District Judge